# EXHIBIT 11



# ELLIS & WINTERS

Writer's E-Mail Address:
jon.berkelhammer@elliswinters.com

Writer's Direct Dial Number:
(336) 389-5683

January 9, 2018

**VIA ELECTRONIC MAIL ONLY**

Susan H. Boyles
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101

      Re:    P&L Development LLC v. Bionpharma Inc. and Bionpharma Healthcare LLC

Dear Susan:

      This will acknowledge receipt of and respond to your letter of January 9, 2018.

      With respect to the conflict issue, we disagree with your characterization of the transaction. Bionpharama purchased much more from Banner than the four supply agreements involved in this litigation. To the contrary, as we discussed in our last call, Bionpharma purchased the entire generic pharmaceutical product business from Banner. This included all of the supply agreements, not just the four with PLD, regulatory approvals, relevant intellectual property, such as patents pending and issued, and all of the books and records of Banner necessary for the operation of the business purchased, among other business assets. Bionpharma also hired employees of Banner.

      That Bionpharama purchased the business is confirmed by the Verified Complaint and its attached Exhibit A. Thus, in Paragraph No. 9, PLD alleges that it "received notice that Banner had entered into a definitive Purchase Agreement to sell its ***generic pharmaceutical product business*** to Bionpharma Inc." (Verified Cmplt, ¶ 9) (emphasis added). The letter attached as Exhibit A similarly states that "Banner Life Sciences LLC (we or "**BLS**") is pleased to inform you that we have entered into a definitive Purchase Agreement (the "**Purchase Agreement**") with Bionpharma Inc., a Delaware corporation ("**Bion**"), pursuant to which BLS will sell its ***generic pharmaceutical product business*** (the "**Business**") to Bion." (Ex. A, November 12, 2015, letter) (emphasis in original and added). This was "acknowledged and agreed" to by PLD. (*Id.*) As a result, and given Mr. Cain's position at Banner, he owes duties to Bionpharma, and his participation in this

TEL 336.217.4193
FAX 336.217.4198

MAILING ADDRESS
Post Office Box 2752
Greensboro, NC 27402

STREET ADDRESS
300 North Greene Street, Suite 800
Greensboro, NC 27401

www.elliswinters.com

Ellis&Winters LLP

litigation, as well as that of Kilpatrick Townsend & Stockton LLP ("Kilpatrick Townsend") cannot continue.

Although we intend to file our response to the preliminary injunction motion as ordered by the Court, we do believe that the disqualification issue needs to take precedence given the prejudice to Bionpharma. As a result, we plan to file promptly a motion both to disqualify Mr. Cain and Kilpatrick Townsend and dismiss the action. We also will ask that the Court shorten the briefing schedule to provide PLD ten (10) days to file a response and Bionpharma five (5) days to file its reply. Please let me know by this afternoon if you agree to expedited briefing. .

Finally, notwithstanding and without waiver of our position regarding the conflict of interest, we are willing to mediate and are confirming dates for those two weeks.

With kindest regards, I am

Very truly yours,

ELLIS & WINTERS LLP

Jon Berkelhammer

JAB/jb

cc. Daniel R. Taylor, Jr.
(via email)