**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

P&L DEVELOPMENT LLC,

                Plaintiff,

v.

BIONPHARMA INC. and
BIONPHARMA HEALTHCARE LLC,

                Defendants.

1:17CV1154

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on numerous motions to seal by all parties, [Docs. #10, 28, 38, 50, 65, 73, 83, 108, 121, 127, 132]. For the reasons explained below, the motions to seal are variously granted, denied, and granted in part and denied in part.

I.

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). This is so because "[i]t is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil . . . proceedings." Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." Id. at 266.

However, "[f]or a right of access to exist . . . , the document must be a 'judicial record.'" In re United States for an Order Pursuant to 18 U.S.C. § 2703(D), 707 F. 3d 283, 290 (4th Cir. 2013); otherwise, a motion to seal is merely subject to the good cause standard in Rule 26(c) of the Federal Rules of Civil Procedure, Agro v. Makhteshim Agan of N.A., Inc., No. 1:10CV276, 2011 WL 13157168, at *1 (M.D.N.C. July 13, 2011). A judicial record is a document that "play[s] a role in the adjudicative process, or adjudicate[s] substantive rights" such as when a document is "filed with the objective of obtaining judicial action or relief". In re United States for an Order Pursuant to 18 U.S.C. § 2703(D), 707 F. 3d at 290-91.

Substantively, a court "must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake". Va. Dep't of State Police, 386 F.3d at 576 (internal quotations and alteration omitted). At the least, "the common law presumes a right of access" to judicial records. In re United States for an Order Pursuant to 18 U.S.C. § 2703(D), 707 F.3d at 290. The moving party can rebut this presumption by "'showing some significant interest that outweighs the presumption.'" Va. Dep't of State Police, 386 F.3d at 575 (quoting Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). Factors court weigh in this balancing test "include whether the records are sought for improper purpose . . . ; whether release would enhance the public's understanding of an important historical event; and whether the public already had access to the information contained in the

2

records." In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-608 (1978)).

In addition to the common law right of access, the First Amendment guarantees access to "particular judicial records and documents". In re United States for an Order Pursuant to 18 U.S.C. § 2703(D), 707 F.3d at 290.  It provides more "substantive protection to the interests of the press and the public" than the common law and can be restricted only where there is a compelling governmental interest and the restriction is narrowly tailored to serve that interest. Rushford, 846 F.2d at 253.  Stated differently, "an overriding interest based on findings that [sealing] is essential to preserve higher values" may overcome the First Amendment right of access if the sealing is narrowly tailored to serve that interest. Press-Enter. Co. v. Super. Ct. of Cal., Riverside Cty., 464 U.S. 501, 510 (1984).

"For private interests to satisfy this standard," at least one court has found that "the parties must establish a high likelihood of substantial and irreparable harm if the motions to seal are denied." Companion Prop. & Cas. Ins. Co. v. Wood, No. 3:14-cv-03719-CMC, 2017 WL 279767, at *2 (D.S.C. Jan. 23, 2017) (analyzing Public Citizen, 749 F.3d at 269-70).  The Eastern District of Virginia has thoroughly analyzed the application of the First Amendment right of access in the context of non-governmental interests. See Level 3 Commc'ns, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572, 580-83 (2009).  There, the court recognized that "in limited circumstances" some courts have found that "certain" "private

3

interests might also implicate higher values sufficient to override . . . the First Amendment presumption of public access." Id. at 580.  Examples of those private interests include a criminal defendant's Sixth Amendment right to a fair trial, privacy interests of non-parties, trade secrets, attorney-client relationships, and contractual non-disclosure provisions. Id. at 580-83 (citing cases from various federal courts).  Even so, the courts have been careful to note that these interests outweigh the First Amendment presumption of access only in certain circumstances. Id. at 580-83.

While the First Amendment affords the public greater access than the common law, the First Amendment only applies to documents such as those "filed in connection with plea hearings and sentencing hearings in criminal cases" and "in connection with a summary judgment motion in a civil case." Rushford, 846 F.2d at 253.  Courts use the "'experience and logic' test" to determine if the First Amendment extends further by asking, "(1) whether the place and process have historically been open to the press and general public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question." In re United States for an Order Pursuant to 18 U.S.C. § 2703(D), 707 F.3d at 291 (internal quotations omitted).

Once a court has determined whether the common law or First Amendment attaches, it must comply with procedural requirements including providing "the public notice of the request to seal and a reasonable opportunity to challenge the request; . . . consider[ing] less drastic alternatives to sealing; and if it decides to

seal . . . stat[ing] the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." Va. Dep't of State Police, 386 F.3d at 576.

II.

Defendants Bionpharma Inc. and Bionpharma Healthcare LLC (collectively referred to as "Bion") have moved to seal the Supply Agreements attached as Exhibits C through F of the Verified Complaint. [Doc. #10.]  Similarly, and more recently, Plaintiff P&L Development LLC ("PLD") has moved to seal the Supply Agreements attached as Exhibits C through F to the Amended Complaint and information in that complaint from the Rule 30(b)(6) deposition of Patheon Softgels, Inc. ("Patheon"). [Doc. #127.]  The public has had notice of these motions since December 28, 2017 and July 12, 2018, respectively, but has filed no objections despite reasonable opportunity to do so.

The common law right of access applies to a complaint, U.S. Tobacco, Inc. v. Big South Wholesale of Virginia, LLC, No. 5:13-CV-527-F, 2013 WL 6145549, at *3 (E.D.N.C. Nov. 21, 2013), and likely to documents attached to a complaint. Therefore, Bion or PLD must show a significant countervailing interest that heavily outweighs the public's interest in accessing the Supply Agreements, yet neither has done so.  Bion argues that the agreements "contain sensitive pricing information" and "sensitive information concerning the parties' respective obligations and profit allocations" which "[a]ny person" could use "to gain an unfair business advantage". (Bion's Br. in Supp. at 2.)  Similarly, PLD argues that

5

disclosure of the Supply Agreements would permit "a competitor [to] use them for an improper purpose and jeopardize PLD's position in the market." (PLD's Br. in Supp. at 3.) According to PLD, the agreements "spell out the details of the parties' respective obligations, how PLD and Bion will allocate profits from their business relationship, confidential information and commercially sensitive pricing information that a third party could use to unfairly compete with PLD and Bion." (Id. at 4.) Disclosure of this information "(particularly with regard to the financial aspects of their partnership) could harm PLD's competitive standing". (Id. at 5.)

Indeed, "courts have refused to permit their files to serve as . . . sources of information that might harm a litigant's competitive standing", but Bion and PLD simply rely on that statement from Nixon without actually explaining how it applies to all of the information in each Supply Agreement. The persuasiveness of Bion's argument, if any, is further undermined by its public disclosure of portions of the agreements, including profit allocations, in its Counterclaim.

The Supply Agreements were entered into in 2003, 2004, 2011, and 2012 by the parties' predecessors. While the agreements include information about the parties' sale of certain generic pharmaceutical drugs, they are negotiated instruments and products of compromise that do not necessarily reveal the extent of the parties' business capabilities independent of these particular circumstances. Instead, the agreements memorialize what each party was willing to do at the time it entered into (or became the assignee of) each agreement. For example, whatever may be the "financial aspects" to which PLD refers, those are terms to

which each party agreed at the time it entered into or amended the agreements in order to do business at the time with the other party. Furthermore, the agreements expired in March 2018. Had either party sufficiently supported its argument at the time it filed its motion to seal, the passage of time has now lessened those concerns, and there is no information about the parties' present business relationship with each other or otherwise in the generic pharmaceutical drug market. In sum, neither party has met its burden of showing a significant countervailing interest that outweighs the public's interest in accessing the Supply Agreements, contracts that are at the heart of this action and which this Court found PLD to have shown a substantial likelihood of success proving Bion breached.

As for the information in the Amended Complaint from the Rule 30(b)(6) deposition of Patheon, PLD does not believe that information should be sealed. Accordingly, pursuant to Local Rule 5.4(b), Patheon or Bion was to have filed a brief in support of sealing that information. No such brief has been filed, and the motion to seal these portions of the Amended Complaint is denied. Therefore, Bion's Motion to Seal [Doc. #10] is denied, and PLD's Motion to Seal [Doc. #127] is denied.

III.

PLD has moved to seal certain portions of its brief and declarations filed in support of its Motion for Temporary Restraining Order and/or Preliminary Injunction. [Doc. #28.] PLD presumes only the common law right of access

7

applies, (see generally Br. in Supp.), and argues that the redacted portions of the filings contain the parties' confidential information including "the details of the parties' relationship, the process used for forecasting PLD's product needs and submitting orders to Bion, detailed information about purchase orders submitted by PLD to Bion, Bion's shipment (or lack thereof) of the products, . . . information about PLD's customers and the terms on which they do business together . . . , [and] some of the specific terms of the parties' contracts", (id. at 2-3).  PLD contends that less drastic measures would not adequately protect it because release of the information could harm PLD's competitive standing. (Id. at 3-4.)  The public has had notice of PLD's request since January 2, 2018, and has not opposed the motion despite reasonable opportunity to do so.

The declarations and brief at issue are judicial records, as PLD submitted them to obtain judicial relief and the Court used them in assessing whether or not to grant PLD's requested preliminary relief. (See Mem. Order (Jan. 26, 2018) [Doc. #85].)  Accordingly, at the very least, the common law right of access applies.  To determine whether or not the First Amendment right of access applies, the experience and logic test is applied.  As the court in Agro explained, "preliminary relief proceedings are typically conducted in an open fashion in part because courts must consider the public interest in deciding whether to grant such relief". 2011 WL 13157168, at *3 (internal quotations and citations omitted).  "On the other hand, . . . certain forms of preliminary relief may be granted without notice to the adverse party, let alone notice to the general public" which "reflects the temporary

8

nature of such relief" and "diminishes the public's interest in access to related documents." Id. Furthermore, any "public interest in curbing judicial misconduct . . . is tempered by the preliminary and temporary nature of the requested relief". Id. Therefore, as in Agro, it is determined that there is no First Amendment right of access to these documents.

PLD must then rebut the common law right of access by showing a significant interest that outweighs the public's interest in access. As PLD argues, courts have recognized that a party has an interest in protecting "sources of business information that might harm [its] competitive standing". Nixon, 435 U.S. at 598. While PLD has identified specific information to be sealed rather than requesting to seal documents in their entireties, it has not sufficiently supported its general arguments that disclosure "would harm PLD's competitive standing" or what information "a third party could use" – or how it could use that information – "to unfairly compete with PLD" and "gain an unfair business advantage", not only at the time the motion to seal was filed, but now in 2019, long after the parties' Supply Agreements expired in March 2018. PLD relies on these conclusory arguments to support sealing all of the information it identified in its brief and supporting declarations, without explaining why the disclosure of specific information – which ranges from numbers of capsules to statements of irreparable harm to terms from the Supply Agreements – would harm PLD. This leaves the Court to guess PLD's concerns. For example, how does public disclosure of the Naproxen Supply Agreement's requirement that PLD provide Bion with eighteen

month rolling forecasts harm PLD?  Not only has the Supply Agreement expired, but, as noted above, the terms of that agreement resulted from negotiations and compromise and do not reveal PLD's actual business capabilities or secrets.  Similarly, how does public disclosure of PLD's "typical monthly forecast for each of the drugs" or the amount of capsules of each drug PLD ordered and Bion committed to ship in any given month harm its competitive standing, not only at the time PLD moved to seal this information, but especially now in 2019?  Furthermore, despite PLD's argument otherwise, much of the information PLD requests to be sealed was already public in its Complaint.

In sum, unless otherwise noted below, PLD has not met its burden of showing a significant countervailing interest that outweighs the public's right of access to this information.  The heart of this action is the four Supply Agreements between PLD and Bion and whether or not PLD and Bion were contractually permitted to do what they are alleged to have done.  For purposes of PLD's Motion for a Temporary Restraining Order, the Court found that PLD had shown a substantial likelihood of success on the merits of its breach of contract claims.  Even the temporary nature of such an order does not displace the necessity for PLD to show a significant countervailing interest that can restrict the public's access to the very documents and related information at the center of the parties' dispute.  PLD has largely failed to do so, as explained below.

PLD has also requested that information remain sealed "permanently throughout the pendency of this case." (Br. in Supp. at 5.)  However, because the

First Amendment right of access applies at summary judgment and trial, PLD would need to meet a higher burden to restrict access to information at later stages of this case. Therefore, to the extent any portion of PLD's motion to seal is granted, it is granted only for purposes of PLD's Motion for Temporary Restraining Order and/or Preliminary Injunction.

PLD's Motion to Seal [Doc. #28] is granted in part and denied in part as follows:

| PLD's Brief in Support of its Motion for Temporary Restraining Order and/or Preliminary Injunction | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| p. 1 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| p. 4 | Denied | Public information, (see Compl. ¶ 13 & Am. Compl. ¶ 42); PLD has not met its burden to show a significant countervailing interest. |
| p. 6 | Denied. | Public information, (see generally Compl.; see also id. ¶¶ 23, 40-42 & Am. Compl. ¶¶ 58, 84-87); PLD has not met its burden to show a significant countervailing interest. |
| p. 7 | Denied. | Public information, (see generally Compl. & Am. Compl.; see also Compl. ¶¶ 22, 38, 50, 61 & Am. Compl. ¶¶ 52, 82, 101, 118); PLD has not met its burden to show a significant countervailing interest. |
| p. 12 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); PLD has not met its burden to show a significant countervailing interest. |

| p. 13-14 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); PLD has not met its burden to show a significant countervailing interest. |
| --- | --- | --- |
| p. 15 | Denied. | Public information, (see Compl. ¶ 12 & Am. Compl. ¶¶ 11(d), 40, 41; Countercl. ¶¶ 1, 19); PLD has not met its burden to show a significant countervailing interest. |
| p. 17 | Denied. | Public information, (see Compl. ¶¶ 27, 39, 40, 41, 52, 62 & Am. Compl. ¶¶ 68, 84, 85, 86, 103, 121); PLD has not met its burden to show a significant countervailing interest. |
| p. 18 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| p. 19-20 | Denied. | Public information, (see Compl. ¶¶ 22, 27, 38, 39, 50, 52, 61, 62 & Am. Compl. ¶¶ 57, 68, 82, 84, 101, 103, 118, 121); PLD has not met its burden to show a significant countervailing interest. |

| Declaration of Thomas L. Crowe (Jan. 1, 2018) | | |
| --- | --- | --- |
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 2 | Granted in part and denied in part. PLD may redact the names of companies other than CVS, Walmart, Costco, and Target. | Permissible redacted information is confidential that could harm PLD's and the non-parties' competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, other information is already public. (See Compl. ¶ 5 & Am. Compl. ¶ 21.) |
| ¶ 6 | Denied. | Public information, (see Compl. ¶ 13 & Am. Compl. ¶ 42); PLD has not met its burden to show a significant countervailing interest. |

| ¶ 9 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); PLD has not met its burden to show a significant countervailing interest. |
|---|---|---|
| ¶ 10 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 11 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 12 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 14 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 16 | Denied. | Public information, (see Compl. ¶¶ 40, 42 & Am. Compl. ¶¶ 85-87); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 17 | Denied. | Public information, (see Compl. ¶¶ 23, 26, 27 & Am. Compl. ¶ 58); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 18 | Denied. | Public information, (see Compl. ¶ 48 & Am. Compl. ¶ 98); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 20 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 20(a) | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 20(b) | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 21 | Denied. | Public information, (see generally Compl. & Am. Compl.); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 22 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| Exhibit A | Denied. | PLD has not met its burden to show a significant countervailing interest. |

| Declaration of Evan Singer (Jan. 1, 2018) | | |
| --- | --- | --- |
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 2 | Granted in part and denied in part. PLD may redact the names of companies other than CVS, Walmart, Costco, and Target. | Permissible redacted information is confidential that could harm PLD's and the non-parties' competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, other information is already public. (See Compl. ¶ 5 & Am. Compl. ¶ 21.) |
| ¶ 6 | Denied. | Public information, (see Compl. ¶ 13 & Am. Compl. ¶ 42); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 15 | Denied. | Public information, (see Compl. ¶¶ 27, 39, 52, 62 & Am. Compl. ¶¶ 68, 84, 103, 121); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 16 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 17 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| Exhibit A | Denied. | PLD has not met its burden to show a significant countervailing interest. |

| Declaration of Brad Larson (Dec. 30, 2017) | | |
| --- | --- | --- |
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 2 | Granted in part and denied in part. PLD may redact the names of companies other than CVS, | Permissible redacted information is confidential that could harm PLD's and the non-parties' competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, other information is |

| | | |
|---|---|---|
| | Walmart, Costco, and Target. | already public. (See Compl. ¶ 5 & Am. Compl. ¶ 21.) |
| ¶ 4 | Denied. | Public information, (see Compl. ¶ 5 & Am. Compl. ¶ 21); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 5 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 6 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 7 | Denied. | Public information, (see Compl. ¶¶ 26, 27 & Am. Compl. ¶¶ 67, 68); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 8 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 9 | Denied. | Public information, (see Compl. ¶¶ 40-42 & Am. Compl. ¶¶ 85-87); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 11 | Denied. | Public information, (see Compl. ¶¶ 17, 25, 27, 28 & Am. Compl. ¶¶ 51, 65, 68, 69); PLD has not met its burden to show a significant countervailing interest. |
| ¶ 12 | Granted in part and denied in part. PLD may redact the two references to the customer name. | Permissible redacted information is confidential and could harm PLD's and a non-party's competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, PLD has not met its burden to show a significant countervailing interest. |
| ¶ 13 | Denied. | PLD has not met its burden to show a significant countervailing interest. |
| ¶ 14 | Denied. | PLD has not met its burden to show a significant countervailing interest. |

IV.

Bion has moved to seal portions of its response brief and supporting documents in opposition to PLD's Motion for a Temporary Restraining Order and/or Preliminary Injunction. [Doc. #50.]  As did PLD, Bion presumes that only the common law right of access applies, (see generally Br. in Supp.), and argues that the information it requests be sealed is "highly sensitive competitive information", including "sensitive transaction details, supply information, pricing and profit information, and confidential contract terms", (id. at 3).  The public has had notice of Bion's request since January 12, 2018, and has not opposed the motion despite reasonable opportunity to do so.

For the same reasons as explained above, supra § III, the common law right of access applies to Bion's response brief and supporting documents.  With the exception of James Hannan's declaration, Bion has largely requested that only specific information be redacted, rather than moving to seal documents in their entireties.  However, despites its characterization of the material as "highly sensitive competitive information", Bion has not explained why disclosure of the specific information it seeks to seal – which ranges from contract terms to numbers of capsules to accountant's inquiries – would harm its competitive standing.  For example, Bion argues that "the Hannan declaration gives the results of an independent review of a party's financial records" and "[s]ensitive and confidential information pervades the document".  Accordingly, Bion has moved to seal that declaration in its entirety.  Yet, there can be no doubt that the law does

not support sealing the basic introductory information about the declarant.

Furthermore, Bion has not explained how disclosure of the contents of the

declaration could harm its competitive standing, likely because that information

pertains to PLD, which did not file a brief supporting the protection of that

information[1] and it is not apparent how PLD could have successfully argued in

favor of sealing.  Similarly, Bion argues that "Appendix A to Mehrotra's declaration

is a chart composed entirely of sensitive information", but it has not explained how

disclosure of that information would harm Bion or PLD.  Moreover, that information

pertains to PLD, which has not filed a brief in support of sealing that chart.

Likewise, Bion has not explained how references to numbers of capsules ordered or

shipped reveal sensitive information that could harm its competitive standing, and,

as elsewhere, PLD has not supplied an argument in favor of sealing this

information.  Bion contends that it lawfully reduced or rejected orders that

exceeded forecasts and were not tied to the actual demand of PLD's customers,

such that the numbers of capsules that PLD ordered may not even represent PLD's

business capabilities.  There is no information about PLD's actual customers' needs

and how, if it could, PLD met that demand.  Instead, Bion relies on general

conclusory statements that disclosure of "these documents [would permit a non-

---

[1] In its brief in support of its Motion to Seal information in its reply brief and supporting declarations [Doc. #73], see infra § V, PLD generally alludes to information that Bion has moved to seal here, including "details of an 'audit' of PLD".  However, PLD simply relies on statements of competitive harm unsupported by any specificity.

party] to gain an unfair business advantage" over Bion and its "competitive and financial interest . . . would be harmed". As with the previous motion to seal, the Court is left to hypothesize how disclosure of each set of information – which encompasses a wide variety of material – could harm Bion. Furthermore, the passage of time has weakened any argument of injury from disclosure. Similarly, since Bion filed this motion to seal, it publicly disclosed much of the information it moved to seal when it filed its Counterclaim, as noted below.

Bion, like PLD, has requested that information remain sealed throughout the pendency of this case. However, for the reasons explained above, supra § III, that request is denied.

Bion's Motion to Seal [Doc. #50] is granted in part and denied in part as follows:

| Bion's Response Brief in Opposition to PLD's Motion for a Temporary Restraining Order and/or Preliminary Injunction | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| p. 1-2 | Denied. | Public information, (see Countercl. ¶ 11); Bion has not met its burden to show a significant countervailing interest. |
| p. 3-4 | Denied. | Public information, (see Countercl. ¶¶ 1-2); Bion has not met its burden to show a significant countervailing interest. |
| p. 5 | Denied. | Public information, (see Countercl. ¶ 11; Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |

| p. 6 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |
|---|---|---|
| p. 7 | Granted in part and denied in part. Bion may redact the name of Patheon's supplier. | Permissible redacted information is confidential and could harm non-parties' competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| p. 8 | Granted in part and denied in part. Bion may redact the names of the API suppliers. | Contains confidential information about the non-parties' business relationships that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| p. 9 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |
| p. 10 | Denied. | Public information, (see Countercl. ¶¶ 1, 15, 19; Ex. 8 to Punji Decl.); Bion has not met its burden to show a significant countervailing interest. |
| p. 11 | Denied. | Public information, (see Countercl. ¶¶ 1, 2, 16, 21-23, 28, 31); Bion has not met its burden to show a significant countervailing interest. |
| p. 12 | Denied. | Public information, (see Countercl. ¶¶ 32-35, 44); Bion has not met its burden to show a significant countervailing interest. |
| p. 15 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting part PLD's Mot. for TRO)); Bion has not met its |

| | | burden to show a significant countervailing interest. |
|---|---|---|
| p. 16 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| p. 18 | Denied. | Public information, (see Countercl. ¶¶ 1, 2); Bion has not met its burden to show a significant countervailing interest. |
| p. 19 | Granted. | Contains confidential information about Patheon's API supplier that could harm its and the supplier's competitive advantage if disclosed and would not enhance the public's understanding of historical events. |
| p. 20 | Denied. | Bion has not met its burden to show a significant countervailing interest. |

| Declaration of Phanindranath Punji (Jan. 12, 2018) | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 8 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 12 | Granted. | Contains confidential information about Patheon's API suppliers and non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. |
| ¶ 13 | Granted. | Contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. |
| ¶ 14 | Granted. | Contains confidential information about non-parties that could harm their competitive advantage if disclosed and |

| | | would not enhance the public's understanding of historical events. |
|---|---|---|
| ¶ 15 | Granted. | Contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. |
| ¶ 18 | Granted. | Contains confidential information about Patheon and its API supplier that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. |
| ¶ 19 | Granted in part and denied in part. Bion may redact the name of Patheon's supplier. | Permissible redacted information contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| ¶ 20 | Granted in part and denied in part. Bion may redact the names of the API suppliers. | Permissible redacted information contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| ¶¶ 21-23 | Granted. | Contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. |
| ¶ 24 | Granted in part and denied in part. Bion may redact the name of Patheon's API supplier. | Permissible redacted information contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, |

| | | Bion has not met its burden to show a significant countervailing interest. |
|---|---|---|
| ¶ 25 | Granted in part and denied in part. Bion may redact the name of Patheon's API supplier. | Permissible redacted information contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| ¶ 26 | Granted in part and denied in part. Bion may redact the name of Patheon's supplier. | Permissible redacted information contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| ¶ 27 | Granted in part and denied in part. Bion may redact the name of the API supplier. | Permissible redacted information contains confidential information about a non-party that could harm its competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| ¶ 28 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 29 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶¶ 30-33 | Granted in part and denied in part. Bion may redact the name of the API supplier. | Permissible redacted information contains confidential information about a non-party that could harm its competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |

| ¶ 34 | Granted in part and denied in part. Bion may redact the name of the API supplier. | Permissible redacted information contains confidential information about a non-party that could harm its competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
|---|---|---|
| ¶ 35 | Granted in part and denied in part. | Permissible redacted information contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| ¶ 38 | Granted. | Contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. |
| ¶ 42 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 43 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 45 | Denied. | Public information, (see Ex. 8 to Punji Decl.); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 46 | Denied. | Public information, (see Ex. 8 to Punji Decl.); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 48 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 49 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its |

| | | burden to show a significant countervailing interest. |
|---|---|---|
| ¶ 50 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 51 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 52 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 53 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 57 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 58 | Granted in part and denied in part. Bion may redact references to the amount of API. | Permissible redacted information contains confidential information about a non-party that could harm its competitive advantage if disclosed. However, as to the other information, Bion has not met its burden to show a significant countervailing interest. |
| ¶ 59 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 61 | Granted. | Contains confidential information about a non-party that could harm its competitive advantage if disclosed and would not enhance the public's understanding of historical events. |
| ¶ 63 | Granted. | Contains confidential information about the Bion's and Patheon's business relationship that could harm their competitive advantage if disclosed and |

| | | would not enhance the public's understanding of historical events. |
|---|---|---|
| ¶ 65 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 67 | Denied. | Public information, (<u>see</u> Compl. ¶ 26 & Am. Compl. ¶ 67); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 68 | Denied. | Public information, (<u>see</u> Compl. ¶¶ 41, 42 & Am. Compl. ¶ 87); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 69 | Denied. | Public information, (<u>see</u> Compl. ¶¶ 22, 38, 50, 61 & Am. Compl. ¶¶ 52, 82, 101, 118); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 70 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| Exhibits 1-12[2] | Granted in part and denied in part. Bion may redact the names of API suppliers. | Permissible redacted information contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, it is public, (<u>see</u> Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); Bion has not met its burden to show a significant countervailing interest. |

---

[2] In its motion to seal, Bion mistakenly describes Exhibit 12 as "Emails"; however, Exhibit 12 is a letter dated October 2, 2012.

| Declaration of James J. Hannan (Jan. 12, 2018) | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| Entire declaration | Denied. | Public information, (see Counterl. ¶¶ 14-16, 18-36; Hannan Decl. Exs. A & B); Bion has not met its burden to show a significant countervailing interest. |

| Declaration of Michael Dalton (Jan. 11, 2018) | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 10 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 11 | Denied. | Bion has not met its burden to show a significant countervailing interest. |

| Declaration of Gaurav Mehrotra (Jan. 12, 2018) | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 7 | Denied. | Public information, (see Countercl. ¶ 29); Bion has not met its burden to show a significant countervailing interest. |
| ¶ 8 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 9 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
| ¶ 11 | Denied. | Public information, (see, e.g., Countercl. ¶ 29); Bion has not met its burden to show a significant countervailing interest. |

| ¶ 12 | Denied. | Bion has not met its burden to show a significant countervailing interest. |
|---|---|---|
| ¶ 15 | Denied. | Public information, (see, e.g., Countercl. ¶ 29); Bion has not met its burden to show a significant countervailing interest. |
| Appendix | Denied. | Bion has not met its burden to show a significant countervailing interest. |

V.

PLD has moved to seal its reply brief and declarations in further support of its Motion for Temporary Restraining Order and/or Preliminary Injunction. [Doc. #73.] The public has been on notice of PLD's motion since January 20, 2018, and has not filed objections despite reasonable opportunity to do so. For the reasons explained above, supra § III, the common law right of access applies to these documents. PLD moves to seal information in its brief taken from declarations for which Bion moved to seal, see supra § IV, as well as "confidential business information" in declarations that PLD has attached to its brief. PLD describes the redacted information as containing "details of the parties' business relationship, Bion's shipment (or lack thereof) of the products, PLD's inventory levels, information about PLD's customers and the terms on which they do business together, the profit split on the products between PLD and Bion, details of an 'audit' of PLD that Bion directed, and the parties' course of dealing." (Br. in Supp. at 3.) There is also "information about PLD's communications with customers, the terms on which PLD does business with its customers, how PLD's relationships with its customers have been affected by Bion's conduct, and the profits that PLD

has paid to Bion". (Id. at 4.) According to PLD, this information is "proprietary and confidential", the disclosure of which could harm its competitive standing. (Id. at 3.) However, as before, PLD's motion lacks necessary specificity.

For example, how would disclosure of the number of capsules of each drug PLD ordered and forecast in 2017 harm its competitive advantage? As above, Bion contends at least some of these forecasts and orders were not tied to customer demand. Similarly, with the exception of the prices that PLD paid to Bion listed on the purchase orders, how does disclosure of those purchase orders – which PLD moves to seal in their entireties, including information in the headers and the terms and conditions – harm its competitive advantage? Does disclosure of general information about the process to find a new supplier harm PLD's competitive advantage when that information appears universally applicable to the manufacture and sale of drugs? PLD has failed to answer these questions. Furthermore, the passage of time lessens many of PLD's concerns. Although portions of PLD's motion are granted, they are denied as to PLD's request that sealed material remain so permanently. See supra § III.

PLD's Motion to Seal [Doc. #73] is granted in part and denied in part as follows:

| PLD's Reply Brief in Further Support of its Motion for Temporary Restraining Order and/or Preliminary Injunction | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| p. 2 | Denied. | Public information generally; PLD has not met its burden of showing a significant countervailing interest. |
| p. 3 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); PLD has not met its burden of showing a significant countervailing interest. |
| p. 4-5 | Granted in part and denied in part. PLD may redact the name of Patheon's API supplier. | Permissible redacted information contains confidential information about non-parties that could harm their competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, it is public, (see Exs. 1-3 of Punji Decl.); PLD has not met its burden of showing a significant countervailing interest. |
| p. 7-8 | Denied. | Public information, (see Counterl. ¶¶ 14-17, 19-26, 29 & Am. Compl. ¶ 159); PLD has not met its burden of showing a significant countervailing interest. |
| p. 9 | Denied. | Public information, (see, e.g., Countercl. ¶¶ 14-17 & Am. Compl. ¶ 159); PLD has not met its burden of showing a significant countervailing interest. |
| p. 10 | Denied. | Public information, (see, e.g., Second Crowe Decl. ¶ 5); PLD has not met its burden of showing a significant countervailing interest. |
| p. 11 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |

| Second Declaration of Thomas L. Crowe (Jan. 19, 2018) | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 5 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 6 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 7 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 9 | Denied. | Public information, (see Mem. Order (Jan. 26, 2018) (granting in part PLD's Mot. for TRO)); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 14 | Denied. | Public information, (see First Larson Decl. ¶ 5); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 15 | Denied. | Public information, (see First Larson Decl. ¶ 5); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 17 | Denied. | Public information generally; PLD has not met its burden of showing a significant countervailing interest. |
| Exhibit B | Denied. | PLD has not met its burden of showing a significant countervailing interest. |

| Second Declaration of Brad Larson (Jan. 17, 2018) | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 9 | Denied. | Public information, (see generally Compl.); PLD has not met its burden of showing a significant countervailing interest. |

| | | |
|---|---|---|
| ¶ 11 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 14 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| Exhibit B | Denied. | PLD has not met its burden of showing a significant countervailing interest, particularly in light of PLD's redactions from the sealed filing. |
| Exhibit C | Denied. | PLD has not met its burden of showing a significant countervailing interest, particularly in light of PLD's redactions from the sealed filing. |
| Exhibit D | Denied. | PLD has not met its burden of showing a significant countervailing interest, particularly in light of PLD's redactions from the sealed filing. |
| Exhibit E | Denied. | PLD has not met its burden of showing a significant countervailing interest, particularly in light of PLD's redactions from the sealed filing. |

| Second Declaration of Evan Singer (Jan. 18, 2018) | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 4 | Denied. | Public information, (see Countercl. ¶ 19); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 5 | Denied. | Public information, (see Countercl. ¶¶ 19-28); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 6 | Denied. | Public information, (see Countercl. ¶¶ 19-28); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 7 | Denied. | Public information, (see Countercl. ¶¶ 19-28); PLD has not met its burden |

| | | of showing a significant countervailing interest. |
|---|---|---|
| ¶ 8 | Denied. | Public information, (see Countercl. ¶¶ 19-28); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 9 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 10 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 11 | Granted in part and denied in part. PLD may redact the last two lines on page 4 and the first two lines on page 5. | The permissible redacted information contains confidential information that could harm a party's competitive advantage if disclosed. However, as to the other information, PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 14 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 21 | Denied. | Public information, (see First Larson Decl. ¶ 5); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 22 | Denied. | Public information, (see First Larson Decl. ¶ 5); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 23 | Denied. | Public information, (see generally Compl.); PLD has not met its burden of showing a significant countervailing interest. |
| Exhibit A | Denied. | Public information, (see Countercl. ¶ 19); PLD has not met its burden of showing a significant countervailing interest. |
| Exhibit B | Granted in part and denied in part. PLD may redact the Unit Price, Total, and Total PO Amount on each purchase order. | Permissible redacted information contains confidential pricing information that could harm the parties' competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, PLD has not met its |

| | | burden of showing a significant countervailing interest. |
|---|---|---|

| Declaration of Peter Napoli (Jan. 18, 2018) | | |
|---|---|---|
| Location of Information Requested to be Sealed | Ruling | Explanation |
| ¶ 7 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 15 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 17 | Denied. | Public information, (see Countercl. ¶¶ 16, 17); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 18 | Denied. | Public information, (see Countercl. ¶¶ 16, 17); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 19 | Denied. | Public information, (see Counterl. ¶ 29); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 22a.-l. | Granted. | Contains confidential information provided by PLD to accountants as part of the review of PLD's books and records and disclosure would not enhance the public's understanding of historical events. |
| ¶ 23 | Denied. | Public information, (see Countercl. ¶¶ 19-22); PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 24 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 25 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 27 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| ¶ 28 | Denied. | PLD has not met its burden of showing a significant countervailing interest. |

| ¶ 32 | Denied. | Public information, (see, e.g., Countercl. ¶ 15); PLD has not met its burden of showing a significant countervailing interest. |
|---|---|---|
| ¶ 33(a)-(b) | Granted. | Contains confidential information surrounding the accountant's work and review of PLD's books and records and disclosure would not enhance the public's understanding of historical events. |
| Exhibit A | Denied. | Public information, (see Countercl. ¶¶ 15-17, 29); PLD has not met its burden of showing a significant countervailing interest. |
| Exhibit B | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| Exhibit C | Denied. | PLD has not met its burden of showing a significant countervailing interest. |
| Exhibit E | Granted in part and denied in part. PLD may redact its customer names in number 5 except for Target. | Permissible redacted information contains confidential information of PLD's customers that could harm PLD's competitive advantage if disclosed and would not enhance the public's understanding of historical events. However, as to the other information, it is public, (see Compl. ¶ 5; Am. Compl. ¶ 21; Countercl. ¶¶ 29-40); PLD has not met its burden of showing a significant countervailing interest. |
| Exhibit F | Denied. | Public information, (see, e.g., Countercl. ¶¶ 29-40); PLD has not met its burden of showing a significant countervailing interest. |

VI.

PLD moved to close the courtroom during the hearing on its Motion for a Preliminary Injunction held on February 5, 2018. [Doc. #83.] However, the parties arrived at the hearing having already reached an agreement on PLD's motion. Accordingly, no further evidence was presented and no additional arguments were

made in support of the motion. Therefore, PLD's Motion to Seal [Doc. #83] is denied as moot.

## VII.

Patheon moved to seal Exhibit D of its Brief in Support of its Motion to Quash Hearing Subpoena and for a Protective Order. [Doc. #108.] However, the Court did not consider Exhibit D when ruling on Patheon's motion; therefore, that exhibit is not a judicial record. Patheon must merely show good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to restrict the public's access to Exhibit D, and it has done so. Exhibit D is the deposition transcript of Jason Mieding, a Patheon employee who sat for a Rule 30(b)(6) deposition, and exhibits. The parties have treated the content of that deposition as confidential and for attorneys' eyes only. For good cause shown, Patheon's Motion to Seal [Doc. #108] is granted.

## VIII.

Bion has moved to seal portions of its Answer and Counterclaim that discuss information produced by PLD pursuant to the Court's January 30, 2018 Order, specifically paragraphs 42 and 43 of the Counterclaim. [Doc. #121.] Because Bion was not seeking to restrict the public's access to that information and, instead, PLD was claiming confidentiality, PLD filed a supporting brief pursuant to Local Rule 5.4(b). That motion has been pending since June 21, 2018, and no member of the public has filed objections despite reasonable opportunity to do so.

PLD's argument in support of sealing is actually a request to maintain the attorneys'-eyes-only designation afforded to information obtained pursuant to the Court's January 30, 2018 Order.  As that Order stated, though, "[t]he attorneys'-eyes-only designation for information obtained from the Rule 30(b)(6) deposition of PLD and the summary sheet is <u>for purposes of the preliminary hearing only</u>." (Order at 6 (emphasis added).)  Accordingly, protection of that information beyond the preliminary hearing must meet separate standards.  Specifically, here, in support of sealing paragraphs 42 and 43 of the Counterclaim, PLD must rebut the common law's presumption of access.  <u>See</u> <u>U.S. Tobacco, Inc.</u>, 2013 WL 6145549, at *3. PLD has failed to show a countervailing interest that heavily outweighs the public's interest in access.  Despite PLD's argument to the contrary, the two paragraphs at issue in the Counterclaim do not "set forth specifics" or include "sales information . . . at the customer level (with customers being identified by letters)" or "sensitive financial information".  There is no indication that disclosure of the information in paragraphs 42 and 43 is being sought for an improper purpose, particularly in light of the passage of time since the motion; whereas, releasing the information would enhance the public's understanding of Bion's position with respect to the accuracy of information that PLD produced.  Furthermore, the information in paragraph 43 primarily consists of Bion's argument, rather than revealing any particular information garnered from PLD.  Accordingly, because PLD has shown no countervailing interest that heavily outweighs the public's interest, this Motion to Seal [Doc. #121] is denied.

IX.

Bion has moved to seal Exhibit A of its Reply Brief related to the motion to

seal in § VIII and portions of that brief that quote paragraphs 42 and 43 of the

Counterclaim. [Doc. #132.]  Bion filed a brief in support of sealing Exhibit A;

however, as above, it did not assert confidentiality as to paragraphs 42 and 43 of

the Counterclaim, so PLD filed a supporting brief.

With respect to Exhibit A, the Court did not consider it when ruling on the

motion to seal for which Bion submitted a reply brief to which it attached Exhibit

A.  As a result, there only needs to be a showing of good cause to restrict access,

and the parties have made such a showing.  Exhibit A is a profit sharing statement

which "discloses the price, cost, sales, revenue, and profit data for PLD's sales to

each customer." (Bion's Br. in Supp. at 3.)  The parties have treated this

information as confidential, and good cause supports the sealing of Exhibit A.

However, as explained above, supra § VIII, PLD did not meet its burden to

restrict the public's access to the information in paragraphs 42 and 43 of the

Counterclaim, and that same information quoted in Bion's reply brief will not be

sealed.  Therefore, Bion's Motion to Seal [Doc. #132] is granted in part and denied

in part.

X.

Bion has moved to seal portions of its brief and the entirety of Exhibits 4, 5,

6, 7, and 10 in support of its Motion to Disqualify and Dismiss Without Prejudice.

[Doc. #38.]  The motion was filed on January 10, 2018, and no objections have

been filed despite reasonable opportunity to do so. Bion's brief and supporting exhibits are judicial documents, as they were filed with the objective of obtaining judicial relief and were used by the Court in making that determination. Bion apparently presumes that only the common law right of access applies to these materials; however, case law supports applying the more strenuous First Amendment right of access, particularly because Bion moved to disqualify in conjunction with its request to dismiss the action if counsel were disqualified. See 360 Mortg. Grp., LLC v. Stonegate Mortg. Corp., No. 5:14-CV-310-F, 2016 WL 3030166, at *6-7 (E.D.N.C. May 25, 2016) (applying the experience and logic test to find that the First Amendment right of access applies to motions to allow withdrawal of counsel and to disqualify counsel); see also United States ex rel. Thomas v. Duke Univ., No. 1:17-CV-276, 2018 WL 4211375, at *5 (M.D.N.C. Sept. 4, 2018) (agreeing with 360 Mortg. Grp., LLC and applying the First Amendment right of access to a motion for sanctions, just as the 360 court applied it to a motion to disqualify counsel). Therefore, a compelling governmental interest must necessitate the sealing of this material, which can be established by showing a high likelihood of substantial and irreparable harm if the motion is denied, and any restriction on the public's access must be narrowly tailored to serve that interest.

The words or phrases on pages 5, 6 and 14 of Bion's brief in support of its motion to disqualify that it requests be sealed contain several details from Bion's 2015 purchase of its generic pharmaceutical business, including the price it paid

for the business and the number of third-party agreements and regulatory approvals it purchased. Exhibit 4 is the purchase agreement, Exhibit 5 is the schedules to that agreement, and Exhibit 6 is the transition services agreement. Exhibit 7 is a letter to PLD describing the transition of that business. Exhibit 10 is a letter from PLD's counsel to Bion's counsel responding to Bion's conflict of interest concern.

Bion mistakenly relies on the factors applicable to the common law right of access, and such analysis and argument is insufficient under these circumstances. See Va. Dep't of State Police, 386 F.3d at 575 (describing the In re Knight factors as "factors to be weighed in the common law balancing test"). The Fourth Circuit has suggested that "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records", but it did so when analyzing whether a corporation may protect itself from embarrassing revelations and cited Nixon, 435 U.S. at 598, where the Court analyzed the common law right of access and recognized that generally courts have refused to allow their files to serve as sources of business information that may harm a party's competitive standing. Public Citizen, 749 F.3d at 269. Furthermore, Bion has only provided a cursory argument generally applicable to the materials it seeks to seal, similar arguments it proffered when the common law right of access applied to its respective motions.

Nevertheless, it is determined that the following information may be redacted to protect the confidential business details of non-parties involved in a

2015 sale of a generic pharmaceutical business: the reference on page 5 of Bion's brief to the purchase price and Exhibits 4-6 in their entireties. Unlike the permissible redactions of specific information in documents subject to other motions to seal, it is not practical to direct Bion to redact specific portions of these exhibits, as opposed to sealing the documents entirely, in large part because Bion would need to redact essentially all of the substantive information in the exhibits, leaving nothing of value for the public. Bion's general argument about confidentiality simply does not overcome the public's First Amendment right of access to the other information, though. Therefore, its Motion to Seal [Doc. #38] is granted in part and denied in part.

XI.

PLD has also moved to seal portions of its brief in opposition to Bion's Motion to Disqualify. [Doc. #65.] Because "PLD discusses certain information that [Bion] redacted . . . and moved to seal", "PLD similarly seeks to redact certain information from its Opposition Brief", "[a]lthough PLD does not necessarily concede that such information was properly redacted" by Bion. (Br. in Supp. at 2.) For the reasons stated above, supra § X, PLD's Motion to Seal [Doc. #65] is granted in part as to the purchase price referred to on page 12 of its brief and otherwise denied.

XII.

The Court is cognizant of companies' desires to protect from public disclosure the nature and details of their businesses. Even though the parties may

treat information as confidential among themselves, as counsel is well aware, the standards for maintaining such protection change once that information is filed with the Court in litigation. For the most part here, the parties failed to meet their burden of showing countervailing interests that outweigh the public's right of access to judicial records. General, albeit strongly worded, contentions that information is confidential, secret, sensitive, or proprietary, the disclosure of which could cause competitive business harm, are simply insufficient, as is evident from the rulings on the parties' motions to seal to the extent they based such motions on arguments of confidentiality. Furthermore, much of the information the parties sought to seal was already public at the time of their motions, despite arguments that the public had thus far had no access to the information.

Should the parties move to seal again during the pendency of this matter, they must ensure that the law actually supports restricting public access to that information, and they must sufficiently explain why. They cannot rely on overly generalized arguments. Moreover, before moving to seal any information, the parties must carefully review all of the filings in this matter to ensure that the information is not already public. The Court spent an inordinate amount of time doing what the parties should have done prior to filing their motions to seal.

XIII.

For the reasons explained in this Memorandum Opinion, IT IS HEREBY ORDERED THAT:

1. Bion's Motion to Seal [Doc. #10] is DENIED;

41

2. PLD's Motion to Seal [Doc. #28] is GRANTED IN PART AND DENIED IN PART;

3. Bion's Motion to Seal [Doc. #38] is GRANTED IN PART AND DENIED IN PART;

4. Bion's Motion to Seal [Doc. #50] is GRANTED IN PART AND DENIED IN PART;

5. PLD's Motion to Seal [Doc. #65] is GRANTED IN PART AND DENIED IN PART;

6. PLD's Motion to Seal [Doc. #73] is GRANTED IN PART AND DENIED IN PART;

7. PLD's Motion to Seal [Doc. #83] is DENIED AS MOOT;

8. Patheon's Motion to Seal [Doc. #108] is GRANTED;

9. Bion's Motion to Seal [Doc. #121] is DENIED;

10. PLD's Motion to Seal [Doc. #127] is DENIED; and

11. Bion's Motion to Seal [Doc. #132] is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the parties have until May 24, 2019 to comply with this Order.

This the 10th day of May, 2019.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge